IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: PHARMACY BENEFIT MANAGERS ANTITRUST LITIGATION | ) ) ) Civ. No. 2:06-md-01782-JF |
| This Document Relates to: | ) ) |
| BELLEVUE DRUG CO., et al. | ) ) |
| v. | ) Case No. 03-4731 ) |
| ADVANCE PCS | ) ) |

## PLAINTIFFS' RENEWED MOTION TO LIFT STAY AND DISMISS THE CASE

Plaintiffs Bellevue Drug Co., Robert Schreiber, Inc. d/b/a Bums Pharmacy and Rehn-Huerbinger Drug Co., d/b/a Parkway Drugs #4 ("Pharmacy Plaintiffs") and Plaintiffs Pharmacy Freedom Fund and National Community Pharmacists Association ("Association Plaintiffs") (collectively referred to as the "Plaintiffs") move this Court for an Order lifting the stay that is currently in place on the action captioned *Bellevue Drug Co. et al. v. Advance PCS*, Civil Action No. 03-4731 (the "*Bellevue* Action"), dismissing the Pharmacy Plaintiffs' claims with prejudice, and dismissing the Association Plaintiffs' claims without prejudice. In support of this motion, Plaintiffs rely upon the accompanying Memorandum of Law that is incorporated herein by reference.

Dated: November 5, 2009                    Respectfully Submitted,

                                        */s/H. Laddie Montague, Jr.*
                                        H. Laddie Montague, Jr.
                                        Martin I. Twersky
                                        BERGER & MONTAGUE, P.C.
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        *Telephone*: 215-875-3000
                                        *Fax*: 215-875-4604

Michael J. Freed
FREED, KANNER, LONDON & MILLEN, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
*Telephone*: 224-632-4500
*Fax*: 224-632-4521

Jerome M. Marcus
MARCUS & AUERBACH LLC
400 Greenwood Avenue, Suite 200
Wyncote, PA 19095
*Telephone*: 215-885-2250
*Fax*: 888-875-0469

*Co-Counsel for the Pharmacy Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: PHARMACY BENEFIT MANAGERS ANTITRUST LITIGATION ) ) ) | Civ. No. 2:06-md-01782-JF |
| This Document Relates to: ) ) | |
| BELLEVUE DRUG CO., et al. ) ) | Case No. 03-4731 |
| v. ) ) | |
| ADVANCE PCS ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS RENEWED MOTION TO LIFT STAY AND DISMISS THE CASE

Plaintiffs Bellevue Drug Co., Robert Schreiber, Inc. d/b/a Bums Pharmacy and Rehn-Huerbinger Drug Co., d/b/a Parkway Drugs #4 ("Pharmacy Plaintiffs") and Plaintiffs Pharmacy Freedom Fund and National Community Pharmacists Association ("Association Plaintiffs") submit this memorandum in support of their renewed motion to lift stay and dismiss the case captioned *Bellevue Drug Co. et al. v. Advance PCS*, Civil Action No. 03-4731 (the "*Bellevue* Action").[1]

## I.     INTRODUCTION

On September 24, 2009, the Third Circuit ordered that Judge Robreno's August 20, 2004 Order compelling arbitration (the "Arbitration Order") and staying the *Bellevue* Action be reinstated in this matter. This mandate which became final on October 20, 2009 was a result of the Third Circuit's reversal of this Court's December 18, 2006 Order that vacated the Arbitration Order. In that December 2006 Order, this Court not only vacated the Arbitration Order but dismissed as moot, without prejudice, Plaintiffs' motion to lift the stay and dismiss the *Bellevue*

---

[1] The Pharmacy Plaintiffs and Association Plaintiffs will be referred to collectively referred to herein as "Plaintiffs."

Case 2:06-md-01782-CDJ   Document 120   Filed 11/05/09   Page 4 of 17

Action. Plaintiffs' motion was dismissed as moot because, in light of vacating of the Arbitration Order, the motion to dismiss was no longer relevant or necessary.

Now that the matter has been sent back to this Court and the Arbitration Order has been reinstated, Plaintiffs renew their motion to dismiss. Although arbitration of the Pharmacy Plaintiffs' claims has been compelled, it is indisputable that they cannot be required to pursue those claims in arbitration. In fact, the Pharmacy Plaintiffs here have expressly represented that they will not undertake the cost and inconvenience of arbitrating their claims and instead will abandon those claims in arbitration in an effort to expedite the appeal of this matter.[2] As a result, Plaintiffs move this Court to lift the stay and the Pharmacy Plaintiffs seek dismissal of their claims *with prejudice*. Because their claims were not arbitrable, the Association Plaintiffs seek dismissal of their claims *without prejudice*. Dismissal will not harm Defendants or in any way implicate the concerns of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 36, 16, because there is not, nor will there ever be, any arbitration of this matter. Should Plaintiffs' appeal of the Arbitration Order fail, the case will be finished, while a successful appeal would simply mean that the case was not appropriate for arbitration in the first instance.

In these circumstances, the proper action by the Court is to lift the stay, dismiss the Pharmacy Plaintiffs' claims with prejudice, dismiss the Association Plaintiffs' claims without prejudice and facilitate an immediate appeal to reach a speedy and efficient resolution of this matter. This motion by Plaintiff has not yet been ruled upon by any court including Judge Robreno, this Court or the Third Circuit.

---

[2] Pursuing the claims in arbitration is costly and inconvenient for numerous reasons including, *inter alia*, the arbitration provision at issue has a loser-pays provision for attorneys' fees and expenses creating a risk of potential expenses that will be substantial and unaffordable considering that it is an antitrust case requiring substantial expert involvement as well as the cost of the arbitrator. There are also other concerns that militate against arbitrating such as the locus of the arbitration (Scottsdale, Arizona), as well as limitations on remedies and limits on the types of claims permissible in arbitration.

## II.   **BACKGROUND**

On August 15, 2003, Plaintiffs filed a complaint against Advance PCS asserting claims
under Section 1 of the Sherman Act, 15 U.S.C. § 15, based upon an alleged horizontal agreement
among competitors in the drug dispensing industry. *See, e.g.*, Compl., ¶¶ 1-13 (Doc. No. 1).[3]
Pharmacy Plaintiffs sought injunctive relief and treble damages claims on behalf of themselves
and others similarly situated. *See, e.g., id.*, ¶ 74 (Doc. No. 1).        The Association Plaintiffs
sought simply injunctive relief on behalf of their members and did not seek to represent a class.
*See id.*, ¶¶ 22, 23 (Doc. No. 1).   Defendant moved to dismiss the case which was denied on
March 2, 2004 and Defendant Answered the Complaint on March 16, 2004.

After actively litigating the case for more than ten months, Defendant filed a motion to
compel arbitration.   In that motion, Defendant sought an order compelling arbitration for all
Plaintiffs and dismissing the action or compelling arbitration of the Pharmacy Plaintiffs and
staying the claims for injunctive relief brought by the Association Plaintiffs. *See* Mot. to
Compel at 2 (Doc. No. 32).   On August 20, 2004, Judge Robreno granted Defendant's motion to
compel arbitration as to the Pharmacy Plaintiffs and entered the Arbitration Order.   Judge
Robreno also stayed the action as to all Plaintiffs because, in his words, "Plaintiffs have raised
no objection to staying the action in the event the motion to compel arbitration is granted." *See*
Aug. 20, 2004 Order at 29 (Doc. No. 51).   Plaintiffs filed a Motion for Reconsideration or In the
Alternative for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. §1292(b) seeking to
appeal the compelling of arbitration immediately.   At the end of their memorandum in support of
that motion for reconsideration, Plaintiffs requested dismissal *without prejudice* but did not

---

[3] These document numbers reflect docket entries for Civil Action No. 03-4731.

3

assert that they would abandon their claims in arbitration. On June 17, 2004, the motion for reconsideration was denied. *See* June 17, 2004 Order (Doc. No. 66).

On May 19, 2006, Plaintiffs filed a Motion to Lift Stay and Dismiss Case before Judge Eduardo C. Robreno. (Doc. No. 71) in which the Pharmacy Plaintiffs asserted *for the first time that they had no intent to arbitrate their claims*, wished to abandon them and have the matter dismissed so that an appeal could be heard on the substance of Judge Robreno's decision to compel arbitration.[4] On June 5, 2006, Defendant Advance PCS filed a Response to that motion. (Doc. No. 72). On August 25, 2006, the Judicial Panel on Multidistrict Litigation ordered that the *Bellevue* Action, along with other actions from various jurisdictions, be transferred into MDL 1782, and assigned to this Court for coordinated and consolidated pretrial proceedings. Thereafter, on September 21, 2006, Judge Robreno entered an Order stating that "Plaintiffs' Motion for Leave to File Reply in Further Support of Motion to Lift Stay and Dismiss [the *Bellevue* Action] is denied without prejudice, the case having been referred to Judge Fullam." *See* Sept. 21, 2006 Order (Doc. No. 79). Judge Robreno did not address the merits of Plaintiffs' motion. Plaintiffs renewed that motion before this Court including the filing of Reply in further support of the motion to lift stay and dismiss the case. (MDL Doc. No. 3).

On December 18, 2006, this Court issued a Memorandum and Order vacating the Arbitration Order and thereafter lifting the stay. *See In re Pharmacy Benefit Managers Antitrust Litig.*, No. 06-MD1782, 2006 U.S. Dist. LEXIS 91390, at \*5-6 (E.D.Pa. Dec. 18, 2006). In that Order, the Court found that "a transferee judge under the Multidistrict statute may vacate or modify any order of a transferee court bearing upon pretrial matters." *Id.* at \*3. The Court, without addressing the merits of Plaintiffs' motion to lift the stay and dismiss the case, then

---

[4] The Association Plaintiffs' claims for injunctive relief were not subject to arbitration and therefore, there was no need for them to abandon their claims in arbitration.

found that it would be unnecessary because it believed that "the parties never intended this type of dispute to be submitted to arbitration, or that the Arbitration Agreement is unenforceable because it violates public policy." *Id.* at \*5. As a result, the Court vacated the Arbitration Order and dismissed without prejudice, as moot, Plaintiffs' motion to lift the stay and dismiss the case. *See id.* at \*5-6. Like Judge Robreno, this Court never considered the merits of Plaintiffs' motion to lift the stay and dismiss the case. Defendant appealed.

On September 24, 2009, the Third Circuit vacated this Court's December 18, 2009 Order and remanded the case back to the Court to reinstate the Arbitration Order and stay. *See In re Pharmacy Benefit Managers Antitrust Litig.*, No. 07-C1151, 2009 WL 3030370, at \*8 (3d Cir. 2009). The Third Circuit vacated this Court's Order because it found that the law of the case doctrine prevented the Court from overruling Judge Robreno's determination that the case was covered by the arbitration provisions. *See id.* at \*5-6. The Third Circuit did not address the merits of any of Plaintiffs' arguments with respect to the validity of the arbitration clauses or enforceability of the arbitration agreements nor did they address the merits of Plaintiffs' motion to lift the stay and dismiss the *Bellevue* Action. *See id.* at \*4-5.

To date, no court including Judge Robreno, this Court, or the Third Circuit has addressed the merits of Plaintiffs' motion to lift stay and have the *Bellevue* Action dismissed.

## III.   ARGUMENT

When a party who is compelled to arbitrate attests that they will not pursue their claims in arbitration, the appropriate course of action is for the district court to dismiss the case so that an appeal may be heard. Otherwise, the case will simply languish until it is ultimately dismissed for lack of prosecution. In such a case, stays that have been imposed to allow the arbitral process to run its course are no longer required because there is no longer any arbitration, or potential

5

arbitration, and thus, the concerns of the FAA are not implicated. Here, the Pharmacy Plaintiffs represent once again that they will not pursue their claims in arbitration and therefore, have no intention of further prosecuting this matter absent a favorable decision on appeal with respect to the motion to compel arbitration, which will allow them to proceed in court. *See* Tr. of Dec. 7, 2009 Hearing at 28:2-12 (MDL Doc. No. 15). Therefore, the Court should lift the stay and dismiss the *Bellevue* Action.

A.     Lifting the Stay and Dismissing the Bellevue Action is Appropriate Under Third Circuit Precedent and the FAA.

Dismissal is consistent with Third Circuit precedent and the protections afforded by the FAA. Even though the action has been stayed and arbitration compelled, the Pharmacy Plaintiffs are not *required* to pursue their claims in arbitration. As the Third Circuit has noted in other contexts, parties are permitted to abandon claims in order to expedite appellate review of an order that effectively dismissed their complaint. *See Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990). Because the Pharmacy Plaintiffs are attesting that they will not pursue their claims in arbitration, the stay should be lifted to permit dismissal and appeal. The only reason that Judge Robreno stayed the *Bellevue* Action was that the claims of the Association Plaintiffs were not arbitrable and therefore, the case remained open in the district court pending the outcome of the arbitration. Were it not for those claims, the case would have been dismissed because Defendant sought dismissal and only suggested a stay as alternative relief if Judge Robreno decided not to dismiss the claims of the Association Plaintiffs. *See* Mot. to Compel at 2 (Doc. No. 32). In light of the Pharmacy Plaintiffs' representation that no arbitration will take place, failing to lift the stay would leave the case frozen in time with no end in sight, a result clearly disfavored in the Third Circuit. *See Haberern v. Lehigh & N. E. Ry. Co.*, 554 F.2d 581, 584 (3d Cir. 1977) (stays of indefinite length are disfavored).

6

Lifting the stay is also consistent with the Third Circuit's analysis of the FAA. The Third Circuit has found that a district court is required to stay an action when requested under Section 3 of the FAA because (1) "it relieves the party entitled to arbitrate of the burden of continuing to litigate the issue *while the arbitration process is on-going*, and it entitles that party to proceed immediately to arbitration *without the delay that would be occasioned by an appeal* of the District Court's order to arbitrate." *Lloyd v. Hovensa*, LLC, 369 F.3d 263, 270 (3d Cir. 2004) (emphasis added). According to the Third Circuit, the FAA reflects a policy that if arbitration is appropriate, "the judicial system's interference with the arbitral process should end unless there is a final award." *Id.* Here, there is not currently, nor will there ever be, any arbitration process. If the Pharmacy Plaintiffs lose on appeal, there will be no arbitration and the case will terminate. If the Pharmacy Plaintiffs win on appeal, the litigation will proceed in court because it will mean that the order compelling arbitration was erroneous in the first instance. Therefore, there is nothing for the appeals process to interfere with and the Pharmacy Plaintiffs' decision to abandon their claims should they not prevail on appeal is tantamount to a final award in arbitration.

While Plaintiffs have been unable to find a case in the Third Circuit reflecting the exact circumstance present here – an order to compel arbitration, the entry of a stay, a motion for reconsideration by the plaintiff, denial of the motion for reconsideration and a refusal to proceed in arbitration by the plaintiff –the Eleventh Circuit has addressed those circumstances on two separate occasions. *See State Establishment for Agricultural Product Trading v. M/V Wesermunde,* 838 F.2d 1576, 1582-83 (1988); *see also Morewitz v. The West of England Ship Owners Mutual Protection and Indemnity Assoc.*, 62 F.3d 1356, 1361 (11th Cir. 1995). In *State Establishment*, the plaintiff refused to arbitrate and the district court dismissed the case with

7

prejudice for want of prosecution. *Id.* at 1579. The plaintiff therein argued that it refused to arbitrate because "when the district court refused to reconsider its arbitration order, and also refused to certify the question for an immediate appeal, [it] was placed in, what it considered to be, a 'Catch 22' position – [plaintiff] was now required to expend substantial time, effort, and funds to comply with a likely erroneous arbitration order, yet because [the order compelling arbitration was not immediately appealable], it was necessary to complete the arbitration process before the validity of the arbitration proceeding could be tested on appeal." *Id.* In that circumstance, the Eleventh Circuit noted that the plaintiff "believed that it was better to forego any damages it might potentially be able to recover from the arbitration process for the chance that the district court erred in ordering arbitration, that [the court] would reverse th[e] [arbitration] decision, and that ultimately, [the court] would allow [plaintiff's] claims to be tried before the district court." *Id.*

In that context, the Eleventh Circuit addressed whether the district court was correct in dismissing the action with prejudice "after State Establishment informed the court that it absolutely refused to go forth with the foreign arbitration proceeding" and found that the proper procedure would have been for the district court to "certif[y] the [arbitration] question under Rule 54(b) of the Federal Rules of Civil Procedure, but only after State Establishment stipulated on the record that it was prepared to dismiss with prejudice all claims that it had with the named defendants should the district court's arbitration order be affirmed by this court." *Id.* at 1582-83. "Such an order would allow the district court to effectively handle the manner in which a case proceeds before it, while at the same time, by imposing a penalty upon the party seeking to circumvent the 'finality' rule, a party that finds its claim seriously diminished or even potentially not worth pursuing following an adverse ruling by the trial court, may have an avenue of relief

8

from that adverse ruling." *Id.* at 1583. As a result, the Eleventh Circuit found that the district court abused its discretion by dismissing plaintiff's claims with prejudice prior to permitting the appeal.

Similarly, in *Morewitz*, the Eleventh Circuit again found that immediate appeal was proper so long as the plaintiff abandoned their claims in arbitration. Again, after plaintiff refused to arbitrate in *Morewitz*, the district court dismissed the case with prejudice for want of prosecution and the plaintiff appealed. *See Morewitz*, 62 F.3d at 1361. Citing *State Establishment*, the court noted the Catch-22 created by the non-appealability of orders compelling arbitration and reaffirmed that plaintiff abandoning their arbitration claims came with "'[t]he inherent risk . . . that if the district court was correct in ordering arbitration, the dismissal with prejudice for failure to comply with that order would be affirmed by this court.'" *Id.* at 1362. The court found that "Morewitz made a conscious decision that an unsuccessful appeal would mean that the merits of [its] claim would never be reached." *Id.* at 1367. As in *State Establishment*, the court found that the arbitration question should have been certified for appeal prior to dismissal with prejudice. *Id.* at 1366-67.

Here, the Pharmacy Plaintiffs are willing to take the same risk that the plaintiffs in *State Establishment* and *Morewitz* took in abandoning their claims in arbitration and should be given the opportunity to appeal the potentially erroneous arbitration order. Any other result would insulate the potentially erroneous arbitration decision from appellate review. As in *State Establishment* and *Morewitz*, Defendant concerns and rights under the arbitration provision and the FAA are protected because they have, in essence, been fully relieved of the claims with respect to arbitration. If the Arbitration Order was correct, the *Bellevue* Action ends. However,

9

if the Arbitration Order was incorrect, the matter will be litigated because Defendant has no right to arbitrate.

**B. Defendant's Prior Opposition to the Motion to Lift Stay and Dismiss the Case Ignored That Plaintiff's were Abandoning Their Claims in Arbitration.**

In the past, Defendant opposed Plaintiffs' request for dismissal for several reasons that miss the implication of the Pharmacy Plaintiffs' decision to abandon their claims in arbitration. First, Defendant argued that, faced with an order to arbitrate, the Pharmacy Plaintiffs had only two choices – either arbitrate or seek mandamus from the Third Circuit. *See* Tr. of Dec. 7, 2006 Hearing at 31:15-23 (MDL Doc. No. 15). Those options depend entirely on the fact that the party ordered to arbitrate wants to preserve their ability to prosecute their claims in arbitration should they fail on appeal. The two choices proffered by Defendant no longer have any force once the Pharmacy Plaintiffs abandoned their right to arbitrate.

Second, Defendant argued that Plaintiffs were seeking an interlocutory appeal to the Third Circuit. *See* Tr. of Dec. 7, 2006 Hearing at 32:13-23 (MDL Doc. No. 15). Again, Defendants miss the point because Plaintiffs are seeking dismissal for the purposes of creating a final order that is appealable directly to the Third Circuit. The "finality" comes from the fact that there will be no further prosecution of the claims should the Pharmacy Plaintiffs fail on appeal. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 602 (3d Cir. 2002) (dismissals are final orders from which the appellate court has jurisdiction).

Finally, Defendant previously argued at oral argument that Plaintiffs' request for dismissal had been previously decided by Judge Robreno. *See* Tr. of Dec. 7, 2006 Hearing at 31:4-32:12 (MDL Doc. No. 15). This is simply incorrect because, as discussed above, while Plaintiffs had requested dismissal without prejudice at the end of their motion for reconsideration or in the alternative, for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b),

10

they had not even approached the subject of the Pharmacy Plaintiffs abandoning their claims in arbitration. In continuing the stay, Judge Robreno cited *Lloyd* and as discussed above, the decision not to pursue the claims in arbitration and forfeit the right to do so renders *Lloyd* inapplicable and protects any of Defendant's rights conferred by the FAA. In fact, the motion to lift the stay and dismiss the case was originally filed before Judge Robreno who did not dismiss it as being a repeat "motion for reconsideration" but instead scheduled oral argument on the matter prior to its transfer to this Court through the MDL proceedings. The questions presented by this motion to lift the stay and dismiss the *Bellevue* Action simply have not been addressed by any Court including Judge Robreno, this Court or the Third Circuit.

C.    Dismissal of the Pharmacy Plaintiffs' Claims Should be with Prejudice and Dismissal of the Association Plaintiffs' Claims Should be without Prejudice.

Plaintiff seeks dismissal of the Pharmacy Plaintiffs' claims with prejudice to eliminate any doubt that the claims will be pursued in arbitration if an appeal of the Arbitration Order should prove unsuccessful. However, there is no similar obligation to arbitrate on behalf of the Association Plaintiffs to be relinquished. The Association Plaintiffs' claims are for injunctive relief and were not subject to arbitration. Dismissal with prejudice is considered litigation on the merits and is *res judicata* while a dismissal without prejudice "is comparable to a nonsuit under the former practice at law. It adjudicates nothing." *See Venuto v. Witco Corp.*, 117 F.3d 754, 760-61 (3d Cir. 1997) (discussing difference between dismissals with or without prejudice).[5]

---

[5] The Court does have the option of dismissing all claims without prejudice and achieving the same result. As the Third Circuit has expressly stated, there is no distinction between a dismissal with or without prejudice as it relates to the appealability of dismissals of claims after the ordering of arbitration. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 602 (3d Cir. 2002). Choosing to dismiss without prejudice does nothing to lessen the impact of the dismissal as it relates to the abandonment of the claims in arbitration as the Third Circuit has noted that an action which has been dismissed without prejudice can be a final judgment for appellate purposes so long as the plaintiff renounces any intent to take further legal action against the Defendant. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (appellate

11

Because the Association Plaintiffs' claims were not subject to arbitration, those claims should be dismissed without prejudice and there is no justifiable argument for their claims to be dismissed with prejudice.[6]

## IV.   CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court enter an Order vacating the stay, dismissing the Pharmacy Plaintiffs' claims with prejudice, and dismissing the Association Plaintiffs' claims without prejudice.

Dated: November 5, 2009

Respectfully Submitted,

*/s/H. Laddie Montague, Jr.*
H. Laddie Montague, Jr.
Martin I. Twersky
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
*Telephone*: 215-875-3000
*Fax*: 215-875-4604

Michael J. Freed
FREED, KANNER, LONDON & MILLEN, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
*Telephone*: 224-632-4500
*Fax*: 224-632-4521

jurisdictional defect created by dismissal without prejudice cured when "plaintiffs renounced, through letter briefs, any intention to take further action against the Devoe Defendants.").

[6] Defendant previously argued that the Association Plaintiffs' claims should be dismissed with prejudice because they are simply "derivative" of the claims of the Pharmacy Plaintiffs. In that case, Defendant is simply rearguing its prior motion to dismiss that was denied. Here, the issue is not whether they state a claim of some sort, the issue is that the Association Plaintiffs' were not compelled to arbitrate and therefore, if the Court feels dismissal with prejudice is the only means to protect Defendant's rights under the FAA, there is no need for the Association Plaintiffs' claims to be dismissed with prejudice because the FAA is not implicated.

12

Jerome M. Marcus
MARCUS & AUERBACH LLC
400 Greenwood Avenue, Suite 200
Wyncote, PA 19095
*Telephone*: 215-885-2250
*Fax*: 888-875-0469

*Co-Counsel for the Pharmacy Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: PHARMACY BENEFIT MANAGERS )<br>ANTITRUST LITIGATION ) | Civ. No. 2:06-md-01782-JF |
| ) | |
| This Document Relates to: ) | |
| ) | |
| BELLEVUE DRUG CO., et al. ) | |
| ) | Case No. 03-4731 |
| v. ) | |
| ) | |
| ADVANCE PCS ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2009, the Plaintiffs' Renewed Motion to Lift Stay

and Dismiss Case, the Memorandum in Support of the Renewed Motion to Lift Stay and Dismiss

the Case, a Proposed Order and this Certificate of Service have been filed electronically and

therefore served upon all parties via the ECF Filing system. In addition, a true and correct copy

of the foregoing documents was served via hand delivery on the following:

> Steven E. Bizar, Esq.
> BUCHANAN INGERSOLL & ROONEY, P.C.
> Two Liberty Place, 50 S. 16th Street, Suite 3200
> Philadelphia, PA 19102-2555
> (215) 665-8700 *phone* / (215) 665-8760 *fax*
>
> *Attorneys for Defendant Advance PCS*
>
>             */s/H. Laddie Montague, Jr.*
>             H. Laddie Montague, Jr.
>             Martin I. Twersky
>             BERGER & MONTAGUE, P.C.
>             1622 Locust Street
>             Philadelphia, PA 19103
>             *Telephone*: 215-875-3000
>             *Fax*: 215-875-4604

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:  PHARMACY BENEFIT MANAGERS )<br>ANTITRUST LITIGATION                )<br>                                                        ) | Civ. No. 2:06-md-01782-JF |
| This Document Relates to:                      )<br>                                                        )<br>BELLEVUE DRUG CO., et al.             )<br>                                                        )<br>                   v.                                  )<br>                                                        )<br>ADVANCE PCS                              ) | Case No. 03-4731 |

## [PROPOSED] ORDER

AND NOW, on this ____ day of __ _____, 2009, upon consideration of Plaintiffs
Bellevue Drug Co., Robert Schreiber, Inc. d/b/a Bums Pharmacy and Rehn-Huerbinger Drug
Co., d/b/a Parkway Drugs #4 ("Pharmacy Plaintiffs") and Plaintiffs Pharmacy Freedom Fund and
National Community Pharmacists Association's ("Association Plaintiffs") (collectively referred
to as the "Plaintiffs") Renewed Motion to Lift Stay and Dismiss the Case, and any opposition
thereto, IT IS HEREBY ORDERED that:

1)      Plaintiffs' Motion is **GRANTED**;

2)      the claims of the Pharmacy Plaintiffs are **DISMISSED WITH PREJUDICE**;
        and

3)      the claims of the Association Plaintiffs' are **DISMISSED WITHOUT
        PREJUDICE**.

**IT IS SO ORDERED**.

_____
JOHN P. FULLAM, J.